UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| MIKE DOMINICK, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.: _____ |
| v. | ) | |
| THE MIDWESTERN INDEMNITY COMPANY, | ) | JURY TRIAL REQUESTED |
| Defendant. | ) | |

## NOTICE OF REMOVAL AND JURY DEMAND
[28 U.S.C. § 1441; 28 U.S.C. § 1446]

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Midwestern Indemnity Company ("Midwestern") files this Notice of Removal of this case from the Circuit Court of Jasper County, Missouri. Midwestern's short and plain statement of the grounds for removal is as follows:[1]

1. On July 3, 2014, plaintiff Mike Dominick ("Plaintiff") filed his Petition for Damages against Midwestern in the Circuit Court of Jasper County, Missouri.

2. On August 11, 2014, Defendant Midwestern filed a "Notice of Removal" in the United States District Court Western District of Missouri Southwestern Division based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). This removed case was assigned Case No. 3:14-cv-05103-MDH. (*See* Doc. 1.)

3. On August 13, 2014, Plaintiff filed a motion to remand, seeking to remand the civil action back to the Circuit Court of Joplin County, Missouri. (*See* Doc. 4.)

---

[1] Defendant reserves the right to supplement this notice with additional facts, affidavits, or memoranda if necessary to effectuate removal.

1

4. On September 2, 2014, Defendant Midwestern responded to Plaintiff's motion to remand. (*See* Doc. 8.)

5. On October 2, 2014, the Court enter its Order granting the Plaintiff's motion to remand, and ordering this action back to state court, finding that Defendant Midwestern had "failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." (*See* Doc. 11.)

6. On October 8, 2014, for the first time, Defendant Midwestern received a "Repair Estimate" supplied by Plaintiff's appraiser, Tom Irmiter of Forensic Building Science, Inc. (*See* "Repair Estimate of Tom Irmiter of Forensic Building Science, Inc.") (attached as <u>Exhibit A</u>.); (*See* Declaration of Bruce Moothart at ¶ 2) (attached as <u>Exhibit B</u>.)

7. The "Repair Estimate" details the estimated cost to repair the various category of damages claimed in this lawsuit, including damage to the: (a) House Roof; (b) Detached Garage Roof; (c) Exterior; (d) Main Stairwell; (e) Bathroom; (f) Blue Bedroom; (g) Master Bedroom; (h) Front Entry; (i) Hallway; (j) Guest Bedroom; (k) Storage Room; (l) Office; (m) Kitchenette; (n) Attic; and (o) General Conditions. (*See* <u>Exhibit A</u>, generally; *and see* <u>Exhibit B</u>, at ¶ 3.)

8. According to the Plaintiff's "Repair Estimate," the total cost of repair is estimated to be $101,728.61. (*See* <u>Exhibit A</u>, at p. 7.)

9. When this civil action was originally removed to federal court on August 11, 2014, Defendant Midwestern did not have this "Repair Estimate" to support its argument that the $75,000 threshold jurisdictional amount contained in 28 U.S.C. § 1332(a) had been satisfied. (*See* <u>Exhibit B</u>, at ¶ 4.)

10. As stated in Paragraph 15 of the Notice of Removal filed on August 11, 2014 in Case No. 3:14-cv-05103-MDH, during the claims process, and prior to receiving the new

"Repair Estimate" from Plaintiff's appraiser on October 8, 2014 (Exhibit A), Plaintiff had only submitted a repair estimate totaling $36,077.69. (Doc. 1; *and see* Exhibit B, at ¶ 5.)

11. As such, in filing this present Notice of Removal, Defendant is submitting new evidence to support its jurisdictional threshold argument that Defendant did not possess before the prior civil action was remanded back to state court. (*Id.*)

12. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

13. Pursuant to 28 U.S.C. § 1446(c)(3)(A), "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)."

14. The "Repair Estimate" submitted by Plaintiff's appraiser, Tom Irmiter of Forensic Building Science, Inc., constitutes "other paper" under 28 U.S.C. § 1446(b)(3).

15. As required by 28 U.S.C. § 1446(a), Exhibit C contains copies of all "process, pleadings and orders" served upon Midwestern in the state court action.

16. Any civil action filed in state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). Plaintiff claims entitlement to homeowners' insurance proceeds under a homeowners' insurance policy due to the Joplin Tornado of May 22, 2011. (*See* Exhibit C, Petition, generally.) Plaintiff has asserted claims for breach of contract, vexatious refusal, and fraud. (*See* Exhibit C, Petition, Counts I-III.) Plaintiff

is also seeking punitive damages in this action. (*See* <u>Exhibit C</u>, Petition, Count IV.) As stated below, this case is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1)-(2) and 28 U.S.C. § 1446(b)(3).

    **A.**    <u>**Plaintiff and Defendant Are Citizens Of Different States**</u>

    17.    Complete diversity of citizenship exists between Plaintiff and Midwestern.

    18.    At the time of filing the Petition, Plaintiff was a citizen and resident of the State of Missouri. (*See* <u>Exhibit C</u>, Petition, ¶ 1.)

    19.    Midwestern is a foreign insurance company organized and existing under the laws of the State of New Hampshire, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Midwestern is a citizen of New Hampshire and Massachusetts only, and not a citizen of Missouri. (<u>Exhibit B</u>, at ¶ 6.)

    **B.**    <u>**Notice of Removal Was Filed Within The 30-Day Limit Required By 28 U.S.C. § 1446(b)(3) And All Procedural Requirements Have Been Met.**</u>

    20.    As stated above in Paragraphs 9-14, Defendant received the new "Repair Estimate" for the first time on October 8, 2014. (*See* <u>Exhibit B</u>, at ¶ 2.) This removal is timely under 28 U.S.C. ¶ 1446(b)(3) in that it has been filed within thirty (30) days of October 8, 2014.

    **C.**    <u>**The Amount In Controversy Exceeds $75,000.00, Exclusive Of Interest and Costs, As Required by 28 U.S.C. § 1332(a).**</u>

    21.    The amount in controversy in this case exceeds $75,000.00, satisfying the requirements of 28 U.S.C. § 1332(a). In his Petition, Plaintiff has asserted four counts seeking the following damages:

    (a)    Under Count I, for Breach of Contract, Plaintiff seeks damages for "damage to the home's roof (and water leakage caused by the same) and outside pond and storage

4

shed roof, and damages to the interior, bricks, gates, trees (including damages for tree removal), chimney caps, and contents." *See* Exhibit C, Petition, ¶ 14.

(b) Under Count II, for Vexatious Refusal, Plaintiff seeks damages for "contracted coverages, plus statutory penalties under RSMo. §§ 375.296, 375.420 consisting of twenty percent of the first fifteen hundred dollars in benefits and ten percent of the excess over fifteen hundred dollars, for prejudgment interest as allowed by aw, costs incurred herein, plus attorneys' fees as provided by law and RSMo. § 375.420." *See* Exhibit C, Petition, Count II WHEREFORE paragraph.

(c) Under Count III, for Fraud, Plaintiff seeks "damages that are fair and reasonable, for punitive damages, for costs incurred herein, and for all other damages and appropriate relief as the court deems fair and reasonable." *See* Exhibit C, Petition, Count III WHEREFORE paragraph.

(d) Under Count IV, for Punitive Damages, Plaintiff seeks "damages that are fair and reasonable, for punitive damages, for costs incurred herein, and for all other damages and appropriate relief as the court deems fair and reasonable." *See* Exhibit C, Petition, Count IV WHEREFORE paragraph.

(e) Under the heading of "Resulting Legal Damages," Plaintiff seeks "consequential damages to his economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering from this wrongful denial of benefits, and continued impact on Mr. Dominick; any lost credit reputation; and other actual damages permitted by law." Plaintiff also seeks "judgment against Defendant for actual damages, pre- and post-judgment interest as allowed by law, costs of suit, punitive damages, and all other relief, at law or in equity, to which

5

Plaintiff may be entitled." *See* <u>Exhibit C</u>, Petition, ¶ 41 and "Resulting Legal Damages" WHEREFORE paragraph.

22. In each separate count, Plaintiff seeks damages "in an amount not to exceed $75,000.00, which is the minimum jurisdictional limit for federal court." *See* <u>Exhibit C</u>, Petition, WHEREFORE paragraphs. However, "the plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive of the issue." *State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir. 1969)).

23. Furthermore, where the Plaintiff attempts to avoid federal jurisdiction by pleading damages "not to exceed $75,000" but the Plaintiff does not enter into a binding stipulation to that effect prior to the filing of the notice of removal, the Plaintiff's demand is not necessarily conclusive. *See McGowan v. Hartford Fire Ins. Co.*, Case No. 4:11CV1669 HEA, 2012 WL 3038532 (E.D. Mo. July 25, 2012).

24. If the Plaintiff does not demand a specific sum of damages or can recover damages in excess of the sum demanded, then the federal court may retain jurisdiction if the Defendant proves "by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *See id.* at ¶ 1446(c)(2).

25. In determining whether the Defendant has met this burden, "the question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages exceed that amount." *Walz v. FedEx Office & Print Servs., Inc.*, Case No. 2:12-CV-04188-NKL, 2012 WL 5386058 (W.D. Mo. Nov. 2, 2012).

25. In computing the amount in controversy, the defendant may properly include punitive damages, although those claims are "given closer scrutiny" and "the trial judge [is]

6

accorded greater discretion" in determining the amount. *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994).

26. In a Missouri vexatious refusal case, the removing party may also include statutory penalties and attorney's fees along with the plaintiff's breach of contract damages. *Peng Vang v. Mid-Century, Ins. Co.*, 12-CV-01309-DGK, 2013 WL 626985 (W.D. Mo. Feb. 20, 2013); *see also Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) ("*statutory* attorney fees count toward the jurisdictional minimum calculation" (emphasis added)).

27. Eighth Circuit courts hold that, in calculating the amount in controversy, it is reasonable to estimate attorney's fees based upon a 25% contingency fee. *Peng Vang*, 2013WL 626985 at *2; *Young v. State Farm Fire & Cas. Co.*, No. 4:08CV1894MLM, 2010 WL 173832, at *2 (E.D. Mo. Jan. 15, 2010).

28. "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012) (citing *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)).

29. As stated above, during the appraisal process, for the first time on October 8, 2014, Plaintiff submitted a repair estimate totaling $101,728.61. (*See* Exhibit A, at p. 7; *see* Exhibit B, at ¶ 2.)

30. The "Repair Estimate" details the estimated cost to repair the various category of damages claimed in this lawsuit, including damage to the: (a) House Roof; (b) Detached Garage Roof; (c) Exterior; (d) Main Stairwell; (e) Bathroom; (f) Blue Bedroom; (g) Master Bedroom; (h)

7

Front Entry; (i) Hallway; (j) Guest Bedroom; (k) Storage Room; (l) Office; (m) Kitchenette; (n) Attic; and (o) General Conditions. (*See* <u>Exhibit A</u>, generally.)

31. The potential damages recoverable, including all claimed property damages and consequential damages, when combined with the available statutory penalties, attorneys' fees, and punitive damages, exceed the $75,000 threshold. Midwestern has met its burden of establishing by preponderance of the evidence that the amount in controversy in this case exceeds $75,000, and therefore satisfies the requirements of 28 U.S.C. § 1332(a).

**D.    Removal To This District Is Proper.**

32. By reason of the amount in controversy and the complete diversity of citizenship of the parties, the action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

33. Pursuant to the provisions of 28 U.S.C. § 1441 (a) and Local Rule 3.1(a)(3)(b), the United States District Court for the Western District of Missouri-Southwestern Division is the federal district court embracing the place where the state court suit is pending and the cause of action arose.

34. Written notice of the filing of this Notice of Removal has been served on Plaintiff's counsel and a copy has been filed with the Clerk of Jasper County, Missouri.

WHEREFORE, defendant The Midwestern Indemnity Company states that it has divested the state court of jurisdiction by filing with that court a Notice of Filing this Notice of Removal, and requests that this Court proceed with adjudication of this matter.

8

## DEMAND FOR A JURY TRIAL

Defendant The Midwestern Indemnity Company demands a trial by jury on all issues triable by a jury herein.

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

*/s/ Bruce A. Moothart*
Bruce A. Moothart, MO Bar # 45517
Peter K. Andreone, MO Bar # 60631
4801 Main Street, Suite 310
Kansas City, Missouri 64112
(816) 756-0700 (Telephone)
(816) 756-3700 (Facsimile)
bruce@sbhlaw.com
peter@sbhlaw.com

*Attorneys for Defendant*
*The Midwestern Indemnity Company*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing "Notice of Removal and Jury Demand" was served by United States mail, postage prepaid, this 7th day of November, 2014, and via electronic mail, on:

Patrick Martucci, MO Bar # 53448
Joseph Weidhaas, MO Bar # 61912
510 W. 6th Street
Joplin, MO 64801
Telephone: (417) 206-0100
Facsimile: (417) 206-0110
Email: patrick@4stateslaw.com
   joe@4stateslaw.com

*Attorneys for Plaintiff Mike Dominick*

*/s/ Bruce A. Moothart*
*Attorney for Defendant*

9